KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JULIE KITSON, individually,

Plaintiff,

vs.

ALBERTSON'S STORES SUB LLC, dba ALBERTSONS, a Foreign Limited Liability Company; ALBERTSON'S LLC, a Foreign Limited-Liability Company; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive.

Defendants.

Case No.: 2:25-cv-01857-CDS-EJY

**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES**

**(THIRD REQUEST)**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their respective counsel, that for good cause and excusable neglect shown, the discovery deadlines established in the Order on Discovery Plan and Scheduling Order (ECF No. 9) and previously stipulated to extend (ECF No. 12) shall be extended by sixty (60) days. This stipulation is made pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1) and District of Nevada Local Rules IA 6-1, 26-1, and 26-3. It is the parties' third request for an extension; no trial date has been set, and the requested continuance will not prejudice any party or disturb any other case-management dates.

## I. DISCOVERY COMPLETED TO DATE

1. November 25, 2025, the parties conducted their Federal Rule of Civil Procedure 26(f) conference.

PACIFIC WEST INJURY LAW

2. December 12, 2025, Defendants Albertson's Stores Sub LLC dba Albertsons and Albertson's LLC (collectively "Defendants") served their initial disclosure of witnesses and documents under Rule 26(a)(1).

3. December 12, 2025, Defendants served their first set of interrogatories and requests for productions of documents to Plaintiff.

4. January 20, 2026, Plaintiff served her initial disclosure of witnesses and documents under Rule 26.

5. January 20, 2026, Plaintiff served her responses to Defendants' first set of interrogatories and requests for production of documents.

6. March 23, 2026, Defendants noticed the deposition of Plaintiff for April 9, 2026.

7. April 8, 2026, Defendants served their first supplemental disclosures.

8. April 9, 2026, Plaintiff was deposed.

9. June 5, 2026, Plaintiff served her first set of requests for admission, interrogatories, and requests for production of documents to Defendants, and each of them.

10. June 15, 2026, Defendants served their second supplemental disclosure.

11. July 2, 2026, Defendants served their responses to Plaintiff's first set of requests for admission, interrogatories, and requests for production of documents.

12. July 10, 2026, Defendants served their third supplemental disclosure.

13. August 24, 2026, Plaintiff served her first supplemental disclosure.

14. August 24, 2026, Plaintiff served her notice of taking Defendants' 30(b)(6) Designee depositions with topics to be conducted on September 23, 2026.

## II. <u>DISCOVERY THAT REMAINS TO BE COMPLETED</u>

1. Deposition of Defendants 30(b)(6) Designee and fact witnesses.

2. Continued deposition of Plaintiff.

3. Initial Experts and Rebuttal Expert Disclosures.

4. Disclosure of medical records and bills relating to Plaintiff's ongoing treatment, including incision hernia surgery.

5. Deposition of experts and medical providers.

PACIFIC WEST INJURY LAW

### III. REASONS THE PARTIES REQUEST TO EXTEND THE DISCOVERY DEADLINES

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 380, 394 and 388 (1993). "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395.

The parties respectfully submit, pursuant to Local Rule 26-3, that good cause and excusable neglect exist for the following requested extension. This case arises from a slip and fall that occurred on August 26, 2023. Plaintiff sustained various injuries to her body as a result of this incident. Unfortunately, Plaintiff sustained a trip and fall incident on April 13, 2024, that caused Plaintiff to experience a worsening of her existing condition and new injuries. Plaintiff underwent L3-L5 fusion and has been recommended for other extensive treatment for her cervical spine and lumbar spine. When Plaintiff was deposed on April 9, 2026, Defendant did not have the surgery documentation and reserved the right to re-depose Plaintiff.

Plaintiff has continued to receive treatment related to both August 26, 2023, and April 13, 2024, incidents and the parties and their experts need additional time to parse, which injuries and which damages are related to these two incidents. Moreover, Plaintiffs recently disclosed a large number of new records and documents that require both of the parties' expert to review to provide expert opinion. Furthermore, Defendant desires to continue Plaintiff's deposition in light of the newly disclosed records.

Plaintiff's counsel also recently learning that Plaintiff developed an incisional hernia that will require an additional surgery. This information is new and the parties have not had a chance to confer. Plaintiff's counsel was preparing for a three-week jury trial, which prevented the parties from submitting the stipulation earlier. While the parties were ready and prepared to exchange their initial expert reports, the newly obtained documents significantly increase the amount of the claimed damages and the parties desire to have their expert opine regarding the same.

On August 23, 2026, Plaintiff's counsel and Defendant's counsel conducted a telephonic meet and confer regarding the discovery extension. The parties' counsel agreed that the extension was necessary to allow the expert to review the new material. Plaintiff is currently scheduled to undergo the incisional hernia surgery on October 8, 2026.

The brief delay has caused no prejudice, the requested extension is modest, and counsel have agreed to do so and proceeded in good faith. Based on the foregoing, both Plaintiff and Defense counsel are requesting that the discovery deadlines be extended by 60 days.

## IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | Closed | Closed |
| Initial Expert Disclosures | August 24, 2026 | October 23, 2026 |
| All Rebuttal Expert Disclosures | September 24, 2026 | November 23, 2026 |
| Discovery Cut-Off Date | October 26, 2026 | December 28, 2026[1] |
| Dispositive Motions | November 27, 2026 | January 26, 2027 |
| Pre-Trial Order | December 28, 2026 | February 26, 2027 |

/ / /

[1] With a discovery cut-off of December 25, 2026, which is a Holiday, the deadline would roll to Monday, December 28, 2026.

The parties represent this Stipulation is sought in good faith and not interposed for delay or any other improper purpose.

DATED this _9th__ day of October, 2026.

**PACIFIC WEST INJURY LAW**

__/s/ Kirill V. Mikhaylov____________
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

DATED this _7th_ day of October, 2026.

**BACKUS | BURDEN**

___/s/Jack Burden________________
JACK P. BURDEN, ESQ.
Nevada Bar No. 6918
JACQUELYN FRANCO, ESQ.
Nevada Bar No. 13484
3050 South Durango Drive
Las Vegas, NV 89117
*Attorneys for Defendants*

**IT IS SO ORDERED.**

**UNITED STATES MAGISTRATE JUDGE**

Dated: October 9, 2026